IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| JOHN M. CREMO, | * CHAPTER 7 |
| Debtor | * |
| | * CASE NO. 1:12-bk-01987-MDF |
| | * |
| | * |

## OPINION

Markian R. Slobodian, the Chapter 7 trustee in this case (the "Trustee"), filed a Trustee's Final Report, Application for Compensation, and Application for Compensation of Professionals (the "Final Report") on July 15, 2016. M&T Bank ("M&T") filed an objection to the Final Report on August 11, 2016 asserting that it was entitled to distribution of estate funds on hand although it did not file a proof of claim until after the Final Report was filed. M&T also objected to the payment of the only unsecured claim proposed to receive distribution under the Final Report. For the reasons that follow, the Court will sustain the objection, but on alternative grounds.

**I. Facts and Procedural History**

On April 4, 2012, John M. Cremo ("Debtor") filed a Chapter 7 bankruptcy petition. Earlier the same year, Debtor had been joined as an additional defendant in a lawsuit commenced by his estranged wife, Carole Cremo ("Carole") against M&T. In the quiet title action filed in Cumberland County, Pennsylvania (the "Cumberland County Litigation"), Carole alleged that her signature had been forged on a mortgage recorded against a Mechanicsburg property owned by Carole and Debtor as tenants by the entirety.[1]

---

[1] Debtor did not disclose in his Statement of Financial Affairs that the litigation was pending when he filed his petition.

Carole filed a timely unsecured proof of claim on March 5, 2013 for $150,000, the approximate balance of the M&T loan purportedly secured by the Mechanicsburg property. Carole also filed a motion for relief from the stay to pursue the quiet title action in state court. Both Debtor's counsel and the Trustee concurred in the request, and an order was entered lifting the stay.

On January 29, 2014, the Trustee filed an application to approve the retention of the law firm of Caldwell & Kearns, P.C. ("Caldwell") as special counsel to represent the Trustee in the Cumberland County Litigation. The Trustee disclosed in the application that Caldwell was representing Carole in the state court action and described her as a co-owner of the real estate subject to the M&T mortgage. The Trustee, however, did not disclose that Caldwell had filed an unsecured proof of claim on Carole's behalf or seek to employ Caldwell under 11 U.S.C. § 327(c). The Trustee further averred that Caldwell was a disinterested person and did not represent an interest adverse to the estate. In the Declaration of Attorney executed in connection with the application, Thomas S. Lee, Esq. stated that Caldwell did not "hold any interest adverse to the above-entitled estate, or any class of creditors . . . ." The retention agreement provided that Caldwell would receive 33% of "the recovery made or secured from [Debtor's] 50% interest in the net proceeds from the sale of jointly owned real estate . . . , after closing costs, and after subtracting any bankruptcy exemption" successfully claimed by Debtor. It did not disclose that Caldwell had entered into an agreement with Carole to represent her interests in the litigation on an hourly basis.

A bench trial was held on January 7, 2015, after which the Cumberland County court found that Carole had "met her burden of proof that she did not sign loan documents" and held

that M&T's mortgage was void as to Carole. Because the property was held by the entireties, the court's order as to Carole effectively stripped the lien.

The title issue having been resolved in favor of Carole and the estate, the Trustee retained a real estate agent who marketed the Mechanicsburg property. On October 29, 2015, the Trustee filed a motion to sell the real estate for the purchase price of $160,000, which was approved by the Court. In the Report of Sale filed December 22, 2015, the Trustee reported that after certain costs of sale were paid, Carole received $71,415.38 as her one-half share of the net proceeds. At settlement Caldwell received $26,166.67 as compensation for representing the estate and $3,569.24 for reimbursement of estate expenses. After payment of an additional expense of $187, the Trustee deposited $40,748.58, the remaining balance of the sale proceeds, into the estate account.

In the Final Report filed with the Court, the Trustee proposes to pay to himself $7,679.23 in trustee fees and $42 in expense reimbursement. He also proposes to disburse $5,987.50 to himself as compensation for his services as attorney for the estate and to reimburse himself $216.78 in expenses. After satisfying the $16.42 trustee bond payment, the Trustee proposes to distribute the balance of the funds ($26,604.10) to Carole, who filed the only unsecured claim on the register when the Final Report was filed.

The payment the Trustee proposes to make to Carole, however, is not in satisfaction of the original $150,000 claim. Having received one-half of the net sales proceeds and released of any obligation on the M&T mortgage, Carole no longer has a claim against the estate for the

3

M&T loan balance.[2] Instead, Carole has filed an amended claim for $31,613.75 in "attorney's fees to litigate the validity of mortgage." In a statement attached to the amended proof of claim, Caldwell noted that a default judgment in the quiet title action had been entered against Debtor and that the state court had invalidated the M&T mortgage. Attached to the claim were billing statements for attorneys' fees paid by Carole between August 2011 and June 11, 2015. Of the total amount requested in the claim, only $2,736.12 is for services rendered before the petition was filed. The balance of $28,887.63 is requested for post petition services and expenses rendered by Caldwell. The fees and costs described in the billing statements include services related to the Cumberland County Litigation and to the representation of Carole's interests in the bankruptcy proceeding. At the hearing on the Final Report, the Trustee stated that because the state court found that Carole did not sign the mortgage documents, and it was presumed that Debtor forged her signature to obtain the loan, he believed it was more equitable for estate assets to be paid to Carole's attorneys through whose efforts the estate assets were obtained, rather than return funds to Debtor.

Although M&T's mortgage against the Mechanicsburg property was invalidated, the bank continued to hold a potential unsecured claim against Debtor after judgment was entered in the Cumberland County Litigation. Inexplicably, M&T failed to file a proof of claim until after the Trustee filed his Final Report, more than a year after the mortgage was voided by the state court. Most remarkably, when the claim was finally filed on August 10, 2016, it was filed as a secured

---

[2]No evidence was submitted by either party as to whether Carole's signature appeared on a note to M&T. Therefore, the Court surmises that because the loan was advanced for Debtor's business purposes, only his signature appeared on the note.

4

Case 1:12-bk-01987-RNO    Doc 57    Filed 09/13/16    Entered 09/13/16 15:36:22    Desc
Main Document    Page 4 of 11

claim – secured by a lien that had been stripped more than eighteen months earlier on property that had been sold free and clear of liens six months previously.[3]

## II. Discussion

Simply stated, M&T's objection asserts two alternative positions. First, the only claim proposed to be paid by the Trustee should be disallowed in its entirety for one of two reasons: because Caldwell is "double billing" the estate or because the estate is not responsible for reimbursing Carole's attorneys' fees. Alternatively, if Carole's claim is allowed, it must be treated as an untimely new claim, not an amendment to a timely claim.

In cases filed under Chapter 7, general unsecured creditors are required to file proofs of claim within ninety days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 3002(c)(1). While Carole filed a timely claim, the amendment to the claim was outside the ninety-day period. M&T's argues that the amended claim was sufficiently different from the original claim, therefore it should be treated as tardily filed.

Section 502(b)(9) provides that an untimely claim should be disallowed "except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a)." 11 U.S.C. § 502(b)(9). A creditor who had notice of the bankruptcy, but files an untimely general unsecured claim may have the claim allowed, but the claim will be subordinate to timely-filed general unsecured claims. 11 U.S.C. § 726(a)(3). Recognizing that its claim was tardily filed, M&T argues that the only other claim filed – Carole's claim for attorneys fees and expenses – also was tardily filed and, therefore, is entitled only to be paid pro rata with M&T's claim.

---

[3]I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A) and (B). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052, which is made applicable to this non-*Stern* proceeding under Fed. R. Bankr. P. 9014.

5

When an amended proof of claim is filed after the bar dated has passed it will only be considered to have been timely filed if it relates back to the date of the original claim. *In re Washington*, 420 B.R. 643, 645 (Bankr. W.D. Pa 2009); *In re Hanscom Retail Foods, Inc.* 96 B.R. 33, 36 (Bankr. E.D. Pa. 1988). But amendments are freely allowed "where the purpose is to cure defects in a claim as originally filed, to describe a claim with greater particularity, or to plead new theories of recovery on facts set forth in the original claim." *In re Ben Franklin Hotel Assocs.*, 186 F.3d 301, 309 (3d Cir.1999) *quoting In re Ben Franklin Hotel Assocs.,* Bankr.No. 93–17089, slip op. at 11, 1998 WL 94808 (E.D. Pa. October 31, 1997).

    a.    *In the absence of an objection, Carole's claim is deemed allowed*

The major weakness in M&T's argument that Carole's claim must be treated as tardily filed is that neither the Trustee nor any other party filed an objection to her claim. The Bankruptcy Code provides that a claim is "deemed allowed, unless a party in interest . . . objects. 11 U.S.C. § 502(a). *In re Simpkins*, 448 B.R. 84, 88 (Bankr. N.D. Ga. 2011) (holding that a claim is "deemed allowed in the absence of an objection); *In re Harris*, 341 B.R. 660, 662 (Bankr. N.D. Ind. 2006) (holding that even late claims are allowed unless an objection is filed).

In a Chapter 7 case, the trustee is generally responsible for reviewing and objecting to claims. Section 704(a)(5) states that a Chapter 7 trustee shall "if a purpose would be served, examine proofs of claim and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5). An objection to a proof of claim cannot be raised by a party in interest by filing an objection to a trustee's final report.

Objections to claims are governed by § 502 of the Bankruptcy Code, and Rule 3007 establishes the procedure for objecting to claims. Rule 3007 first mandates that a written

objection be filed with the court. Next, the objection with a hearing notice must be delivered to the claimant, the debtor and the trustee at least thirty days prior to the hearing. Fed. R. Bankr. P. 3007. Further, while the rule states that a "party in interest" may object, the Advisory Committee Note to Rule 3007 explains that " the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee." Fed. R. Bankr. P. 3007 (Advisory Committee Note 1983). *See Kowal v. Malkemus (In re Thompson)* 965 F.2d 1136, 1147 (1st Cir. 1992) (holding that the general rule is that "the chapter 7 trustee alone may interpose objections to proofs of claim"); *Trauner v. Huffman (In re Trusted Net Media Holdings, LLC)*, 334 B.R. 470, 475 (Bankr. N.D. Ga. 2005) ("The majority of courts have ruled that a chapter 7 trustee alone may file objections to proofs of claim.") *Contra In re C.P. Hall Co.*, 513 B.R. 540, 544 (Bankr. N.D. Ill. 2014) (holding that a creditor has an unqualified right under § 502(a) to object to another creditor's proof of claim in a Chapter 7 case).

Even courts holding that the Chapter 7 trustee is the proper party in the first instance to file objections to claims have granted creditors leave of court to file objections if the trustee refuses. *Thompson*, 965 F.2d at 1147; *In re Bakke*, 243 B.R. 753, 755 (Bankr. D. Ariz. 1999) (ruling that a creditor, with leave of court, may object to a proof of claim if the trustee refuses to file an objection after a request by the creditor); *Matter of Sinclair's Suncoast Seafood, Inc.,* 140 B.R. 588, 592 (Bankr. M.D. Fla.1992); 4 *Collier on Bankruptcy* ¶502.02[2][d] (Alan N. Resnick & Henry J. Sommer eds.,16th ed.). Here, the Trustee did not object to Carole's claim, but no evidence was presented that M&T asked the Trustee to object or requested leave to file its own objection.[4]

---

[4]The Trustee stated that he did not object to the claim because it was through Caldwell's efforts that funds came into the estate. While his observation is correct, Caldwell was

7

This is not an issue the Court can resolved without an objection by a party in interest. A bankruptcy court may not reject or dispose of a claim on its own motion. Only when a party in interest files an objection is a bankruptcy court empowered to review the claim under § 502(b) and determine whether substantive grounds for disallowance exist. *In re White,* 908 F.2d 691, 693 (11th Cir.1990). Accordingly, at this juncture the Court has no authority to disallow or recharacterize Carole's claim.

    b.    *The impact of M&T's late filed claim*

It is a gross understatement to describe M&T's actions in pursuing its claim in this case as dilatory. The Cumberland County court entered judgment against M&T in January 2015. After the thirty-day appeal period expired with no appeal taken, M&T no longer held a secured claim. The bank continued to hold an unsecured claim for the balance of the loan, but it failed to file a proof of claim in Debtor's bankruptcy case.

"[A]n unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property." Fed. R. Bankr. P. 3002(c)(3). This provision serves to extend the deadline for filing timely proofs of claim beyond the claims bar date for unsecured claims. M&T could have filed a timely proof of claim in February 2015, but it did nothing until August 2016. Only after the Final Report was filed did M&T file a proof of claim, and the claim it filed did not reflect its current status in the case.

---

compensated for its efforts on behalf of the estate. Carole's amended claim seeks reimbursement of legal expenses she incurred pursuing her interests.

When a creditor files a secured claim, if the claim becomes unsecured, the creditor must file an unsecured proof of claim or amend its secured claim to qualify for distribution from the estate. *In re Channakhon*, 465 B.R. 132, 138 (Bankr. S.D. Ohio 2012); *In re Padget*, 119 B.R. 793, 796 (Bankr. D. Colo. 1990). Further, the Trustee is under no obligation to advise creditors that they need to amend claims if they expect to receive a distribution from the estate. "It is not a trustee's duty to protect individual creditors against the consequences of failing to file a claim, filing a late claim, filing an insufficient claim, or failing to properly assert a deficiency claim. It is a trustee's principal duty to object to unsubstantiated, excessive, or unallowable claims." *Padget*, 119 B.R. at 798. Because M&T filed its proof of claim after the Final Report was submitted, it cannot be allowed until the Trustee is given an opportunity to object to the claim. Therefore, the Court will issue an order establishing a period in which the Trustee may object to M&T's claim.

        *c.*     *Is the Court compelled to allow Carole's claim?*

Even in the absence of an objection, the Court finds it difficult to ignore the patent defects in Carole's claim. Carole seeks reimbursement of the amounts she paid Caldwell to represent her in the Cumberland County Litigation and in Debtor's bankruptcy case. At the hearing in this matter, the Court suggested that the claim ran afoul of the "American Rule," which provides that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Citicorp Venture Capital, Ltd v. Unsec. Cred. Comm*, 323 F.3d 228, 233 (3d Cir. 2003) *quoting Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). The Trustee and Caldwell conceded that no statute or contract authorized Carole to collect fees from Debtor, but that other equitable considerations, such as Debtor's bad faith and vexatious, oppressive and wanton conduct justified making an exception to the American Rule.

Case 1:12-bk-01987-RNO    Doc 57    Filed 09/13/16    Entered 09/13/16 15:36:22    Desc
Main Document      Page 9 of 11

The Court declined to entertain this argument at the hearing in the absence of evidence available to prove such conduct.

M&T challenged Carole's proof of claim on other grounds and, as a result, additional questions as to its validity have surfaced. The term "claim" refers to a pre- or post-petition right to payment. *See* 11 U.S.C. § 101(5). But the term "creditor" is limited to an entity that holds "a claim against the debtor that arose at the time of or before the order for relief . . ." with a few exceptions identified in § 101(10)(B) and § 501(d), which are not relevant here. Therefore, in most cases, "a creditor . . . is an entity that holds a prepetition debt or claim against the debtor." *Keeler v. PRA Receivables Mgmt., LLC (In re Keeler),* 440 B.R. 354, 360 (Bankr. E.D. Pa. 2009) *cited in Torres v. Cavalry SPV I, LLC*, 530 B.R. 268, 272 (E.D. Pa. 2015). *See also In re Plastech Engineered Prod., Inc.*, 394 B.R. 147, 154 (Bankr. E.D. Mich. 2008). Most of the fees and costs for which Carole seeks reimbursement are for Caldwell's post-petition services. Although it would exceed my authority to disallow Carole's claim, even partially, in the absence of an objection, I find it appropriate to grant leave to M&T to file an objection to Carole's proof of claim. Therefore, M&T may file an objection to Carole's amended proof of claim as set forth in the accompanying Order.

### V. Conclusion

For the reasons set forth above, M &T's objection to the Final Report will be sustained, but an amended Final Report will not be required until it is determined whether the claims filed by Carole and by M&T should be allowed.

10

Case 1:12-bk-01987-RNO    Doc 57    Filed 09/13/16    Entered 09/13/16 15:36:22    Desc
Main Document      Page 10 of 11

The Trustee will be granted leave to file an objection to M&T's proof of claim and any amended claim filed by the bank. M&T may file an objection to Carole's amended proof of claim.

An appropriate order follows.

**By the Court,**

Date: September 13, 2016

*/s/ Mary D. France*
Bankruptcy Judge